UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEQON MASSIAH, et al.,

                        Plaintiffs,

            -against-

NEW YORK CITY, et al.,

                        Defendants.

1:25-CV-5273 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who were incarcerated at the time that they filed this action, proceed *pro se*. By order dated July 9, 2025, the Court directed Plaintiff Deqon Massiah to submit, within 30 days, a completed and signed prisoner authorization. (ECF 5.) He has not submitted a prisoner authorization in response to that order. The Court has learned, however, that, on or about September 8, 2025, he was released from custody; he has not updated the court as to his current mailing address or electronic contact information.

In another order dated July 9, 2025, the Court directed Plaintiffs Rory Boother, Kofi Ayisi, Marcin Pieciak, Andre Antrobus, Alexander Waston, Johnathan Mitchells, and Rick J. Samuelson to, within 30 days, either pay the fees to bring this action or each submit a completed and signed *in forma pauperis* ("IFP") application and prisoner authorization. (ECF 6.) The Court has since learned that Plaintiff Rory Boothe was released from custody and that Plaintiff Andre Antrobus has been released to a state hospital; neither Plaintiff has updated the court as to his current mailing address.

Plaintiff Alexander Watson complied with the July 9, 2025 order by filing an IFP application and prisoner authorization. (ECF 16, 17.) By order dated August 14, 2025, the Court granted him IFP status. (ECF 24.)

On August 5, 2025, the Court received from Plaintiff Johnathan Mitchells three motions in which he seeks the issuance of subpoenas (ECF 10 & 13) and the submission of "indisputable evidence" (ECF 11). Plaintiff Johnathan Mitchells did not comply with the July 9, 2025 order.

On August 11, 2025, the Court received from Plaintiff Alexander Watson motions in which he too requests the issuance of subpoenas (ECF 22) and the submission of "indisputable evidence" (ECF 23).

For the reasons discussed below, the Court: (1) directs Plaintiff Deqon Massiah to show cause, within 30 days, as to why his claims should not be dismissed without prejudice due to his failure to update the court as to his change of address or electronic contact information, as per the Standing Order, *In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, Standing Order, No. 24-MC-127 (S.D.N.Y. Mar. 18, 2024);(2) dismisses without prejudice the claims of Plaintiffs Rory Boother, Kofi Ayisi, Marcin Pieciak, Andre Antrobus, Johnathan Mitchells, and Rick J. Samuelson, and denies Plaintiff Johnathan Mitchells's pending motions (ECF 10, 11, 13); and (3) denies Plaintiff Alexander Watson's pending motions (ECF 22, 23).

## DISCUSSION

### A.    Plaintiff Deqon Massiah

Upon opening this civil action on June 30, 2025, the Clerk of Court docketed the court's March 18, 2024 Standing Order directing all self-represented litigants to inform the court of each change of address or electronic contact information. *See In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, Standing Order, No. 24-MC-127 (S.D.N.Y. Mar. 18, 2024) ("Standing Order"). The Clerk of Court then mailed it to all of the named Plaintiffs in this action on July 1, 2025.

Plaintiff Deqon Massiah was the only Plaintiff to have filed an IFP application with the complaint. (ECF 2.) The Court has since learned that, on or about, September 8, 2025, he was released from custody; he has not updated the court as to his change of address or his electronic contact information.

The abovementioned Standing Order states:

> [i]f the court receives notice from the United States Postal Service that an order has been returned to the court, or otherwise receives information that the address of record for a self-represented plaintiff is no longer valid, the court may issue an Order to Show Cause why the case should not be dismissed without prejudice for failure to comply with this order. Such order will be sent to the plaintiff's last known address and will also be available on the court's electronic docket.

*Id*.

Accordingly, the Court orders Plaintiff Deqon Massiah, within 30 days of the date of this order, to show cause why his claims should not be dismissed without prejudice for failure to comply with the abovementioned Standing Order. If he does not comply with this order within the time allowed, by updating his address and/or electronic contact information, the Court will dismiss his claims, under Rule 41(b) of the Federal Rules of Civil Procedure, without prejudice to his filing a new civil action.

**B.    Plaintiffs Rory Boother, Kofi Ayisi, Marcin Pieciak, Andre Antrobus, Johnathan Mitchells, and Rick J. Samuelson**

In an order dated July 9, 2025, the Court directed Plaintiffs Rory Boother, Kofi Ayisi, Marcin Pieciak, Andre Antrobus, Alexander Waston, Johnathan Mitchells, and Rick J. Samuelson to, within 30 days, either pay the fees to bring this action or each submit a completed and signed IFP application and prisoner authorization. (ECF 6.) Because none of these Plaintiffs have complied with this order, the Court dismisses their claims without prejudice. *See* 28 U.S.C. §§ 1914, 1915. Accordingly, the Court denies Plaintiff Johnathan Mitchells's pending motions as moot. (ECF 10, 11, 13.)

**C.       Plaintiff Alexander Watson**

The Court must deny Plaintiff Alexander Watson's pending motions. (ECF 22, 23.) Plaintiff Alexander Watson's claims are being reviewed pursuant to the screening requirements laid out in the IFP statute, 28 U.S.C. § 1915, to which all IFP civil actions are subject, *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); under that statute "the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief," *Staley v. Navy Fed. Credit Union*, No. 1:24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 15, 2025) (citing § 1915(e)(2)(B)(i)-(iii)).

Because Plaintiff Alexander Watson's claims are still undergoing the abovementioned statutory review, it is too early to determine whether he is entitled to the relief he seeks in his pending motions. Accordingly, the Court denies Plaintiff Alexander Watson's pending motions (ECF 22, 23) without prejudice to his seeking such relief at a later stage of the litigation.

## CONCLUSION

The Court orders Plaintiff Deqon Massiah, within 30 days of the date of this order, to show cause why his claims should not be dismissed without prejudice for failure to comply with the abovementioned Standing Order. If he does not comply with this order within the time allowed, by updating his address and/or electronic contact information, the Court will dismiss his claims, under Rule 41(b) of the Federal Rules of Civil Procedure, without prejudice to his filing a new civil action.

The Court dismisses without prejudice the claims of Plaintiffs Rory Boother, Kofi Ayisi, Marcin Pieciak, Andre Antrobus, Alexander Waston, Johnathan Mitchells, and Rick J. Samuelson due to their failure to comply with the Court's July 9, 2025 order directing them to either pay the fees to bring this action or submit a completed and signed IFP application and prisoner

authorization. The Court therefore directs the Clerk of Court to terminate Plaintiffs Rory

Boother, Kofi Ayisi, Marcin Pieciak, Andre Antrobus, Alexander Waston, Johnathan Mitchells,

and Rick J. Samuelson from this action. The Court also denies Plaintiff Johnathan Mitchells's

pending motions (ECF 10, 11, 13) as moot. The Court therefore directs the Clerk of Court to

terminate ECF 10, 11, and 13.

The Court denies Plaintiff Alexander Watson's pending motions (ECF 22, 23) without

prejudice to his seeking such relief at a later stage of the litigation. The Court directs the Clerk of

Court to further terminate ECF 22 and 33.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 10, 2026
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge